IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD LEE BENNETT,

    **Plaintiff,**

v.                                        CASE NO. 24-3128-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas pretrial detainee Donald Lee Bennett brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Johnson County Adult Detention Center and his motion for leave to proceed in forma pauperis (Doc. 3) is pending. The Court recently received the financial information required to support the motion (Doc. 5) and the motion will be ruled on in a separate order entered at a later date. The Court has conducted the statutorily required screening of the complaint and Plaintiff will be given time to file an amended complaint that cures the deficiencies identified in this order. If Plaintiff fails to timely file an amended complaint that cures the deficiencies, this matter may be dismissed without further prior notice to Plaintiff for failure to state a plausible claim on which relief can be granted.

**I.  Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

1

deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than [it applies to] formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## II. The Complaint

It is not clear from the complaint who Plaintiff intends to name as Defendants in this action. In the caption, Plaintiff identifies as Defendants the State of Kansas and the Shawnee Mission/Prairie Village Police Department. (Doc. 1, p. 1.) But in the body of the complaint, Petitioner names as Defendants Shawnee Mission, Kansas Police Officer R. Skinner; Prairie

Village, Kansas Police Officer Oversech; and Dagger, a dog that works as a K9 Officer for the Shawnee Mission, Kansas Police Department. *Id.* at 2-3. For the purposes of this initial screening, the Court will liberally construe the complaint to name all of those named above as Defendants.

As the factual background for the complaint, Plaintiff alleges that he was the "victim of excessive force used by law enforcement beyond authorization." *Id.* at 2. On June 13, 2023, Plaintiff was lying inside a shed when he heard Defendant Oversech outside the shed, saying "'That's it boy, find him.'" *Id.* at 4-5. The entrance to the shed opened and Petitioner heard a voice—he believes it was Defendant Oversech—say, "'[G]o get him boy.'" *Id.* at 5. Dagger then entered the shed, locked onto Plaintiff's right wrist, and bit down. *Id.* When Defendant Oversech pulled Dagger off of Plaintiff, Plaintiff was bleeding and he felt "pain and light numbness" in his wrist. *Id.*

After Defendant Oversech handcuffed Plaintiff, Defendant Skinner placed Plaintiff inside a police vehicle, drove him a few blocks, and transferred him to another police vehicle, where medical personnel "quickly and insufficiently" cleaned and bandaged his wounds. *Id.* Defendant Skinner photographed Petitioner, explaining that he needed to do so because "'it was [his] dog used in the incident.'" *Id.* Plaintiff also asserts that his cell phone was confiscated "and later approved for warr[a]nt for evidence in a crime by Detective Ashley Breshears [*sic*]." *Id.* He contends that Detective Breshears illegally confiscated his phone again on February 1, 2014 without a warrant and without his consent. *Id.*

As Count I, which is the sole count in this action, Plaintiff alleges "police misconduct" based on the facts set forth above. *Id.* at 4. As relief, he seeks $150,000.00 for "police misconduct"; $100,000.00 for pain and suffering; $100,000.00 for lost wages; and $50,000.00 for defamation of character. *Id.* at 7.

### III. Discussion

#### A. Defendants

##### 1. The State of Kansas

Plaintiff has named the State of Kansas as a Defendant to this action. The State of Kansas, however, is absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which a state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well-established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("It is well-recognized that an action cannot be brought in federal court against a state or its agencies."). Thus, Plaintiff's claims against the State of Kansas in this matter are subject to dismissal.

##### 2. The Shawnee Mission and Prairie Village Police Departments

The police department of a city "is not a separate suable entity." *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). Rather, it is a "subunit" of the city and, as such is not amenable to being sued. *See Whayne v. Kansas*, 980 F. Supp. 387, 391 (1997) ("As for the Topeka Police Department, it is only a subunit of city government and, therefore, is not a governmental entity subject to suit."); *Lipsey v. Wichita Police Dept.*, 2023 WL 2951560, *4 (D. Kan. April 14, 2023) (unpublished) ("Wichita Police Department is a subunit of the City of Wichita, and not a separate

entity that is subject to suit."). Thus, the Police Departments of Shawnee Mission and Prairie Village, Kansas are subject to dismissal as Defendants in this action because they are subunits of the respective cities and are not suable entities.

### 3. Defendant Dagger

This action is subject to dismissal to the extent it is brought against Defendant Dagger. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . by *a person* acting under color of state law." *West,* 487 U.S. at 48-49 (emphasis added). *See also* 42 U.S.C. § 1983 ("Every *person* who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (emphasis added).) Simply put, a police dog is not a person, so a police dog is not a proper defendant to a § 1983 action. *See Johnson v. Kelly*, 2021 WL 11644517, *4 (D. Colo. Nov. 24, 2021) (collecting cases) (unpublished report and recommendation), *adopted at* 2021 WL 11644520 (D. Colo. Dec. 15, 2021). Thus, Defendant Dagger is subject to dismissal from this action.

### B. Failure to State a Plausible Claim

With respect to the two remaining Defendants—Defendants Oversech and Skinner—Plaintiff has failed to state a plausible claim for relief. As noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *See West,* 487 U.S. at 48-49. In the complaint, Plaintiff does not identify a constitutional provision or other federal right violated by Defendants. As the Tenth Circuit has explained:

> "Our first task in any § 1983 suit alleging a constitutional violation is 'to isolate the precise constitutional violation with which [the defendant] is charged.'"

>  *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) (alteration in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 140, 99 S. Ct. 2689, 61 L.Ed.2d 433 (1979)). After all, "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989) (quoting *Baker*, 443 U.S. at 144 n.3, 99 S. Ct. 2689). As a result, not all "claims brought under § 1983 are governed by a single generic standard." *Graham*, 490 U.S. at 393, 109 S. Ct. 1865. Instead, we must judge the "validity of the claim ... by reference to the specific constitutional standard which governs that right." *Id.* at 394, 109 S. Ct. 1865.

*Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (unpublished) (some internal citations omitted).

Although Count One alleges "police misconduct" and does not identify a constitutional right that was violated, Plaintiff refers elsewhere in his complaint to "excessive force." Thus, liberally construing the pro se complaint, it appears that Plaintiff may intend to bring a claim of unconstitutional excessive force. "Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). Here, Plaintiff appears to allege excessive force during his arrest. "When an 'excessive force claim arises in the context of an arrest . . . of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

"To state an excessive force claim under the Fourth Amendment, plaintiffs must show *both* that a seizure occurred and that the seizure was unreasonable." *Id.* (quoting *Bond v. City of Tahlequah*, 981 F.3d 808, 815 (10th Cir. 2020) (emphasis in original) (quotation marks omitted)). In assessing reasonableness, a court "looks at the facts and circumstances as they existed at the moment the force was used, while also taking into consideration the events leading up to that moment." *Id.* (quoting *Emmett v. Armstrong*, 973 F.3d 1127, 1135 (10th Cir. 2020)). The inquiry

6

is an objective one, and one that considers the totality of the circumstances. *Id.* (citation omitted). Reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (quoting *Graham*, 490 U.S. at 396). "The right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion . . . to effect it." *Edwards v. City of Muskogee, Oklahoma*, 841 F. App'x 79, 83 (10th Cir. 2021) (unpublished) (quoting *Lundstrom v. Romero*, 616 F.3d 1108, 1126 (10th Cir. 2010) (internal quotation marks omitted)).

"Reasonableness does not require that officers use alternative or less intrusive means if the conduct is otherwise reasonable." *Arnold v. City of Olathe, Kansas*, Case No. 2:18-cv-02703-HLT, 2021 WL 3129408, at *8 (D. Kan. July 23, 2021) (citation omitted). Furthermore, officers may take protective action without waiting for the "glint of steel." *Estate of Larsen v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008). An officer would be justified in using more force than necessary if he reasonably (but mistakenly) believed that a subject was likely to fight back. *Myers v. Brewer*, No. 17-2682, 2018 WL 3145401, at *7 (D. Kan. June 27, 2018), *aff'd*, 773 F. App'x 1032 (10th Cir. 2019) (citing *Larsen*, 511 F.3d at 1260). The Supreme Court in *Graham* outlined three factors that guide the reasonableness analysis: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Vette*, 989 F.3d at 1169 (quoting *Graham*, 490 U.S. at 396).

Liberally construing the pro se complaint, Plaintiff claims that Defendant Oversech used excessive force by directing Dagger to "go get him" prior to arresting Plaintiff. Plaintiff may also intend to claim that Dagger used excessive force in biting his right wrist, although, as explained above, Dagger is not a proper defendant in this matter. Regardless, the facts asserted by Plaintiff

7

that relate to excessive force include only that he was lying in a shed when he first heard police outside the shed and that before the shed entrance opened, Plaintiff "positioned [him]self in a ready state out of fear [*sic*]."(Doc. 1, p. 5.) At Defendant Oversech's command, Dagger entered the shed and bit Plaintiff's right wrist, locking on and drawing blood. *Id.* Plaintiff does not describe the circumstances that led to him lying inside a shed while police searched outside with a K-9 officer, nor does he fully describe the circumstances of the arrest, such as the time of day when it occurred, his own conduct during the incident, or the reason for his arrest.[1]

Moreover, as to Defendant Skinner, Plaintiff is reminded that an essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

All of the factual allegations in the complaint that involve Defendant Skinner occurred after the alleged excessive force. Thus, even liberally construing the complaint and taking all the facts alleged therein as true, there is no indication that Defendant Skinner personally participated in violating Plaintiff's constitutional rights. In short, Plaintiff does not allege sufficient facts to state a claim for excessive force against either Defendant Skinner or Defendant Oversech. He will be given an opportunity to file an amended complaint that contains sufficient facts to state a Fourth Amendment claim of excessive force.

---

[1] To the extent that Plaintiff directs this Court to body camera footage "that will show the matter and cause of the incident/claim," (Doc. 1, p. 4) the Court does not have that footage before it at this time. If the events shown in the footage are required to state a plausible claim for relief, Plaintiff should describe those events in his amended complaint.

8

### C. Relief Requested

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)). This is because "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *See Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). Thus, because Plaintiff seeks only money damages in this action, he may bring claims against the Defendants only in their individual capacities.

## IV. Amended Complaint Required

For the reasons stated herein, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies identified in this order. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (24-3128) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and also refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the

federal constitutional violations alleged in the complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to file an amended complaint on or before October 15, 2024, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **October 15, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated September 10, 2024, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**